**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-5164**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KEVIN WAYNE MCDANIELS,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry F. Floyd, District Judge.
(7:06-cr-00036-HFF-1; 7:08-cv-70005-HFF)

_____

Submitted:  July 16, 2009          Decided:  August 14, 2009

_____

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Russell W. Mace, III, THE MACE FIRM, Myrtle Beach, South
Carolina, for Appellant.  W. Walter Wilkins, United States
Attorney, A. Lance Crick, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Wayne McDaniels pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced him to two hundred months' imprisonment. McDaniels raises two issues on appeal. First, he contends that the district court erred in failing to sufficiently investigate the effect of prescribed medication on McDaniels's competence to enter a guilty plea. Second, McDaniels asserts that the district court erred in counting his prior conviction for burglary in the third degree as a predicate offense, resulting in his designation as an armed career criminal and the enhancement of his sentence under 18 U.S.C. § 924(e) (2006). We affirm.

## I.    Competence to Enter Guilty Plea

Because McDaniels did not move to withdraw his guilty plea in the district court, our review of this issue is for plain error. See United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002). To establish plain error, McDaniels must "show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. White, 405 F.3d 208, 215 (4th Cir. 2005).[*]

---

[*] Even if such a showing is made, the decision to correct the error is within our discretion, based on a determination that the error "seriously affects the fairness, integrity or (Continued)

2

Prior to accepting a defendant's guilty plea, it is the responsibility of the court to determine that the defendant is competent to enter the plea. See United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999). In furtherance of this end, Fed. R. Crim. P. 11 requires the court to personally inform the defendant of, and ensure he understands, the possible consequences of pleading guilty and the nature of the charges he is facing. See Damon, 191 F.3d at 564. Thus, when an answer given by the defendant during a plea colloquy "raises questions about the defendant's state of mind, the court must broaden its inquiry to satisfy itself that the plea is being made knowingly and voluntarily." Id. at 565. With a medicated defendant, a court should ascertain the effect, if any, of the medication on the defendant's ability to make a knowing and voluntary plea. See id. (finding error in the district court's failure to determine the effect of defendant's medication on defendant's ability to enter a voluntary plea).

During McDaniels's plea colloquy, he stated that he was taking two drugs for his mental health. However, it is clear that the district court adequately ensured that

public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993) (internal quotation marks, alteration and citation omitted).

3

McDaniels's medication did not interfere with his ability to understand the proceedings and enter a knowing and voluntary plea. The judge questioned McDaniels regarding the medication, and McDaniels affirmed that he was sober, and knew where he was and what was happening in the proceeding. Further, McDaniels's attorney, who advised the district court he had had "numerous conversations" with McDaniels, opined that the medication did not affect McDaniels's competence, and McDaniels agreed with this conclusion. Accordingly, we find that McDaniels's first contention is without merit.

## II. Armed Career Criminal Designation

McDaniels's second contention on appeal is that the district court erred in counting his prior conviction for burglary in the third degree as a predicate offense, resulting in his designation as an armed career criminal and imposition of an enhanced sentence. McDaniels asserts that the district court incorrectly considered the burglary conviction to be a "violent felony" under the ACCA, 18 U.S.C. § 924(e)(2)(b)(ii). Because McDaniels failed to object to the application of this enhancement during sentencing, our review is for plain error. Olano, 507 U.S. at 732; White, 405 F.3d at 215.

A defendant is an armed career criminal when he violates § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A

4

violent felony is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another," or "is burglary, . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). This definition specifically includes burglary. 18 U.S.C. § 924(e)(2)(B)(ii).

To determine whether an offense under state law falls within the definition of a violent felony, we typically use a categorical approach, which "takes into account only the definition of the offense and the fact of conviction." United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002). The particular label or categorization under state law is not controlling. See Taylor v. United States, 495 U.S. 575, 590-91 (1990). If the state defines burglary more broadly, such as by broadening the locus of the unlawful entry to include places other than buildings, the categorical approach "may permit the sentencing court to go beyond the mere fact of conviction." Id. at 602. For purposes of the ACCA, "a person has been convicted of burglary . . . if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599. Generally, an offense will constitute burglary if the jury was required "to find all the elements of generic burglary in order

5

to convict the defendant, and the indictment or information and jury instructions show that the defendant was charged only with burglary of a building," so "the jury necessarily had to find an entry of a building to convict." Id.

Under South Carolina law, "[a] person is guilty of burglary in the third degree if the person enters a building without consent and with intent to commit a crime therein." S.C. Code Ann. § 16-11-313 (2003). For purposes of South Carolina's burglary statutes, a building means "any structure, vehicle, watercraft, or aircraft . . . where any person lives, . . . people assemble, . . . [or] goods are stored." S.C. Code Ann. § 16-11-310 (2003). Therefore, because South Carolina defines third-degree burglary more broadly than the generic definition, we must determine whether the jury would have been required to find McDaniels guilty of generic burglary in order to convict him.

A district court is entitled to rely on a prepared presentence investigation report ("PSR") when determining whether a prior crime qualifies as a predicate offense under the ACCA. See United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005). The PSR prepared for McDaniels's sentencing reveals that the object of McDaniels's prior burglary was a building; therefore, it is clear that this offense constituted generic

6

burglary for purposes of the ACCA. Thus, the district court did not err in applying this enhancement.

Accordingly, we deny McDaniels's pro se motion for leave to file supplemental material and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court, and argument would not aid the decisional process.

AFFIRMED